IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANIE CARRAFIELLO, on behalf of
herself and all other similarly situated,

    Plaintiff,

v.

METRO HEALTH, INC.,

    Defendant.

Case No.: 6:17-CV-465-ORL-28-GJK

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JANIE CARRAFIELLO, on behalf of herself and all other similarly situated (hereinafter "Plaintiff"), by and through the undersigned attorney, and sues the Defendant, METRO HEALTH, INC., (hereinafter referred to as "Defendant"), and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against her former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover, from Defendant, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

### PARTIES

3. Plaintiff was employed as a medical assistant for Defendant and performed related activities at their place of business located at 10025 E. Colonial Drive, Orlando, Florida 32817.

4. Defendant is a Florida Corporation which operates and conducts business in the City of Orlando, Orange County, Florida, and is therefore within the jurisdiction of this Court.

## JURISDICTION

5. This action arises under the FLSA, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in the City of Orlando, Orange County, Florida.

## FACTS

7. Defendant is a medical provider of geriatric medicine, a sub-specialty of internal medicine, which focuses on the care and well-being of elderly individuals and provides related medical care and treatment.

8. Plaintiff worked for Defendant without being paid the correct overtime premium rate of time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

9. Defendant controlled and/or was responsible for the work of Plaintiff wherein Plaintiff periodically received automatic, intentional reduction of hours for any hours worked above forty (40) hours per week. See "Exhibit A" attached hereto.

10. Plaintiff worked as a medical assistant and performed related activities in Orange County, Florida.

11. In this capacity, Plaintiff perform routine clinical and administrative duties under the direct supervision of her physician or other health care professional and performed tasks, including, but not limited to answering all telephone calls, greeting patrons upon ingress and egress, updating and filing patients' medical records, filling out insurance forms, handling correspondence, scheduling appointments, arranging for hospital admission, and laboratory services.

12. Plaintiff worked for Defendant from approximately February 2016 through November 2016.

13. Plaintiff was initially paid $11.60 per hour, thereafter receiving a pay increase to $13.00 per hour.

14. Plaintiff worked overtime hours on a weekly basis throughout her employment.

15. Despite working more than forty (40) hours per week, Plaintiff was not paid compensation for all hours worked over forty (40) hours within a work week during several weeks of employment.

16. Defendant was aware of the overtime hours worked.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

## COVERAGE

18. At all material times relevant to this action (2014 – 2017)[1], Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

19. At all material times relevant to this action, Defendant made gross earnings of at least $500,000 annually.

20. At all material times relevant to this action, Defendant accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

21. At all material times relevant to this action, Defendant routinely ordered equipment, materials, merchandise, products, and supplies from out-of-state vendors and/or entities (i.e., stethoscopes, antiseptics, bandages, gloves, etc.).

22. At all material times relevant to this action, Defendant had two (2) or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e., stethoscopes, antiseptics, bandages, gloves, etc.).

23. At all material times relevant to this action, Plaintiff was individually engaged in commerce during her employment with Defendant, by working with a wide array of daily-delivered equipment, materials, merchandise, products, and supplies. Plaintiff also made out of state phone calls on a daily basis.

## COLLECTIVE/CLASS ALLEGATIONS

24. Class members are treated equally by Defendant.

---

[1] All references to material times relevant to this action shall mean to encompass from 2014 through 2017.

25. Defendant employs several individuals, throughout three locations, whom were not paid proper compensation for all hours worked over forty (40) hours within a work week within the past three (3) years, in Orange County.

26. Defendant paid Plaintiff and the class members an hourly wage.

27. Plaintiff and the class members were not paid proper overtime wages for all hours worked.

28. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

29. Defendant was aware of the requirement of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

30. Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

31. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

32. Plaintiff and the proposed class members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **All hourly paid employees whom worked for Defendant, Metro Health, Inc. within the last three (3) years within the State of Florida.**

The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

33. The exact number of members of each class can be determined by reviewing Defendant's records. Plaintiff, under information and belief, is informed there are over 50 eligible individuals in the defined class.

34. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST METRO HEALTH, INC.

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 34 above.

36. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

37. During Plaintiff's employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half her regular rate of pay for the same during several weeks.

38. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

39. Defendant neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

40. Also, Defendant failed to post required FLSA informational listings as required by law.

41. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, JANIE CARRAFIELLO, on behalf of herself and all other similarly situated, demands judgment against METRO HEALTH, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**Carlos V. Leach, Esq.**
FL Bar No.: 0540021
**MORGAN & MORGAN, P.A.**
20 N. Orange Avenue, 16th Floor
Post Office Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff*